**Wendy HOYT, an individual, doing business as Club Productions, a sole proprietorship; Club Productions, a Missouri general partnership, Plaintiffs–Appellants,**

v.

**The ROBSON COMPANIES, INC., an Oklahoma corporation, Defendant–Appellee.**

No. 93–7066.

United States Court of Appeals, Tenth Circuit.

Dec. 8, 1993.

Martha A. Halvordson of Rose, Brouillette & Shapiro, Kansas City, MO, for plaintiffs-appellants.

Andrew S. Hartman and Bart C. James, Tulsa, OK, for defendant-appellee.

Before McKAY, SETH and BARRETT, Circuit Judges.

BARRETT, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Wendy Hoyt, an individual d/b/a CLUB PRODUCTIONS, a sole proprietorship, appeals from the district court's order denying her application for appeal-related attorneys' fees.

On March 9, 1992, the district court entered a final judgment for breach of contract against The Robson Companies, Inc. The court awarded Hoyt $60,000 in damages, $60,000 in attorneys' fees and $5,000 in prejudgment interest. The award of attorneys' fees was the result of Hoyt's application in the district court based on the parties' contract which provided:

> If either party finds it necessary to employ an attorney to construe or enforce this agreement then, in that event, the prevailing party in any litigation shall have and recover from the other all of its reasonable attorneys' fees and costs and expenses of litigation.

Robson appealed the district court's judgment. In defending the appeal, Hoyt failed to request appeal-related attorneys' fees from this court. Subsequently, this court's mandate affirming the breach of contract judgment was filed in the district court on January 19, 1993. The mandate made no mention of appeal-related attorneys' fees. Thereafter, on February 4, 1993, Hoyt filed an application for attorneys' fees in the district court incurred in successfully defending Robson's appeal. The district court, on May 25, 1993, entered its order denying Hoyt's application for appeal-related attorneys' fees on the basis that it lacked jurisdiction to either "amend or alter" the judgment of the Tenth Circuit Court of Appeals or independently consider Hoyt's application. This appeal followed.

Hoyt states the issue as whether the district court has jurisdiction to determine an award of attorneys' fees incurred by Hoyt on her successful defense of Robson's appeal of the district court's judgment where this court's mandate affirming the judgment did not specifically address appellate level attorneys' fees and where the parties have agreed by contract that the prevailing party in any litigation would be entitled to reasonable attorneys' fees.

Whether a district court has jurisdiction presents a question of law subject to *de novo* review. *See Trustees of the Colorado Pipe Industry Pension Trust v. Howard Electrical and Mechanical Inc.*, 909 F.2d 1379, 1382 (10th Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 958, 112 L.Ed.2d 1046 (1991). Likewise, we review *de novo* any statutory interpretation or other legal analysis which provides the basis for the award of attorneys' fees. *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir.1986).

Though we have addressed awards of appeal-related attorneys' fees pursuant to authorizing statutes, we have not previously confronted the jurisdictional requirements applicable in applying for such fees. Neither have we resolved this issue where there exists a private agreement between the parties. However, because certain statutes contain language similar to that in the parties' agreement before us, it is not unreasonable to treat this private contract provision as we would a statutory provision for purposes of our analysis. *See United States v. Western States Mechanical Contractors*, 834 F.2d 1533, 1547 (10th Cir.1987) (comparing the factors to consider in awarding attorneys' fees pursuant to federal statutes with the factors to consider pursuant to a private commercial contract for fees); *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240 (5th Cir.1984) (describing exceptions to the 'American rule' of each party bearing its own costs where a fee award is authorized either by statute or by private contract).

In *International Association of Fire Fighters, Local 2203 v. West Adams County*

*Fire Protection District,* 877 F.2d 814 (10th Cir.1989), we were requested to award appeal-related attorney's fees under the Fair Labor Standards Act (FLSA). The FLSA contains a provision that the court shall award prevailing plaintiffs attorney's fees and costs if an employer violates section 207 of the FLSA. 29 U.S.C. § 216(b). In *Local 2203,* we held that, notwithstanding this provision, an appellate court has discretion to award attorney's fees on appeal. *Local 2203,* 877 F.2d at 821. Because no appellate court had previously interpreted 29 U.S.C. § 207(*o* )(2), the subsection at issue, the appeal was held to be reasonable. *Id.* at 822. Accordingly, we held that the plaintiff/appellee was not entitled to appeal-related attorney's fees, even though the plaintiff had "prevailed" below. *Id.*

In *In re Kansas Congressional Districts Reapportionment Cases,* 745 F.2d 610 (10th Cir.1984), plaintiffs/appellees applied to this court for an award of appeal-related attorneys' fees pursuant to 42 U.S.C. § 1988 for defending the appeal. In that case, the plaintiffs were prevailing parties in that "they succeeded on a 'significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* at 612 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Using our discretion, based on the facts of that case, we awarded attorneys' fees and remanded the case to the district court to determine a reasonable award of attorneys' fees. *In re Kansas,* 745 F.2d at 612.

In an employment discrimination suit, *Lujan v. State of New Mexico Health and Social Services Department,* 624 F.2d 968 (10th Cir.1980), the employer/defendant was the prevailing party. The state agency sought an award of attorneys' fees on appeal under both 42 U.S.C. § 2000e–5(k) and Rule 38 of the Fed.R.App.P., claiming that the plaintiff had continued to litigate after his claim became frivolous, unreasonable, and groundless. *Id.* at 971. We upheld the district court's denial of attorneys' fees and also denied the attorneys' fees on appeal. *Id.* We analyzed the trial-level and appellate-level attorney fee issues separately and determined that this was not an appropriate case in which to award attorneys' fees on appeal. *Id.*

 As these cases indicate, a "prevailing party" is not automatically entitled to an award of appeal-related attorneys' fees. Regardless of the award of trial-related attorneys' fees, we have exercised our discretion on whether to award appeal-related attorneys' fees. Absent an explicit provision, in order for us to properly exercise our discretion, an application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees.

Based on this court's long-standing tradition of considering appellate-level attorney's fees only following a proper application to this court in conjunction with the underlying appeal, we hold that the district court did not have jurisdiction to award appeal-related attorneys' fees in this case.

**AFFIRMED.**