UNITED STATES COURT OF APPEALS

**Filed 4/24/96**

FOR THE TENTH CIRCUIT

SHERRY ANN WOOD,

      Plaintiff-Appellant,

v.

RUBYE L. HARRINGTON, individually
and in her representative capacity; LILLIE
MAE SMALLWOOD, individually and in
her representative capacity; EFFECTIVE
SECRETARIAL SERVICES, INC., an
Oklahoma Corporation; EFFECTIVE
SUPPORT SERVICES, INC., doing
business as Effective Secretarial Support
Services, Inc., doing business as ESS Inc.,

      Defendants-Appellees.

No. 95-6192
(D.C. No. CIV-92-243-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This suit arises out of appellant Sherry Ann Wood's discharge from her former employment with Effective Secretarial Services, Inc. and Effective Support Services, Inc., known interchangeably as ESS Inc. Defendant Rubye L. Harrington was president of both companies; defendant Lillie Mae Smallwood was their vice-president and is Ms. Harrington's sister. Ms. Wood alleged that defendants fired her in retaliation for engaging in protected activities--specifically, for testifying in another employee's lawsuit against defendants. Ms. Wood asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Service Contract Act of 1965, 41 U.S.C. §§ 351-58, in conjunction with the Fair Labor Standards Act, 29 U.S.C. §§ 201-19; the Oklahoma Employment Security Act of 1980, Okla. Stat. tit. 40 §§ 1-101 to 9-104; and Oklahoma public policy.

Ms. Wood's claims were tried to a jury before Judge Luther Bohanon in April 1993. The defense participated in cross-examining plaintiff's witnesses, but put on no evidence of its own. The jury found all of the defendants except Ms. Smallwood liable to Ms. Wood, and awarded reinstatement and damages totaling $42,894.00. R. Vol. I. at 142.

After the trial, defendants retained new counsel and moved for a new trial, arguing that the verdict was contrary to the law and the evidence and that prior defense counsel was

ineffective. Defendants also filed Ms. Harrington's affidavit, in which she evidently[1] set forth her version of the facts. After reading her affidavit, Judge Bohanon granted a new trial on the ground that the original defense attorney was shockingly ineffective in failing to put on evidence for the defense, and because the resulting verdict was unfair to defendants. Appellant's Br. at 66-67. Judge Bohanon recused himself from the case shortly afterwards, and it was reassigned to Judge Tim Leonard. Because Ms. Smallwood and Effective Secretarial Services, Inc. were by this time in bankruptcy proceedings, the second trial proceeded against only defendants Effective Support Services, Inc. and Ms. Harrington, in her personal capacity only. The second jury found both defendants liable, and awarded significantly higher damages to Ms. Wood than the first jury.

After the second trial, Ms. Harrington filed a motion for judgment as a matter of law. Judge Leonard granted her motion on the basis that an employee cannot be sued in her personal capacity under Title VII, and there was insufficient evidence that Ms. Harrington acted personally in any way for which she could be held liable on Ms. Wood's other claims. Judgment was therefore entered against only Effective Support Services, Inc., in the amount of $140,000. R. Vol. I at 143. Ms. Wood appeals. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

[1] Ms. Harrington's affidavit is not in the record on appeal.

**3**

Ms. Wood raises four contentions of error--two for each trial: (1) Judge Bohanon erred in deciding that Ms. Harrington was not a proper defendant under the Service Contract Act, the Oklahoma Employment Security Act, and Oklahoma public policy; (2) the grant of a new trial was improper; (3) Judge Leonard erred in entering a judgment as a matter of law in favor of Ms. Harrington on Ms. Wood's claims other than Title VII; and (4) Judge Leonard erred in refusing to allow Ms. Wood to put on evidence of Ms. Harrington's finances in order to pierce the corporate veil of the defendant companies.

We need not spend much time on Ms. Wood's first issue. Our local rules require that Ms. Wood include in her brief "a statement as to where in the record the issue was raised and ruled upon." 10th Cir. R. 28.2(b). She was also required to provide "copies of all pertinent written findings, conclusions, opinions or orders of a district judge . . .; or if oral, a copy of the transcript pages." Id. Rule 28.2(d). Ms. Wood has failed to identify any order or hearing in which Judge Bohanon ruled Ms. Harrington was not a proper defendant under any of Ms. Wood's claims. Notwithstanding the lack of a record citation, we have searched the record and have found no such ruling. Therefore, we are left with no alternative but to affirm the district court on this issue. McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992).

Next, Ms. Wood argues defendants' motion for a new trial was improperly granted because it was based on the ineffective assistance of defense counsel. We agree and reverse on this issue. This court has previously held the "remedy for allegedly incompetent

representation is a malpractice suit against [the] trial attorney. Any such incompetence provides no basis for granting . . . a new trial." MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988). Therefore, the district court abused its discretion by granting a new trial to defendants on this ground. See Mayhue v. St. Francis Hosp. of Wichita, Inc., 969 F.2d 919, 922 (10th Cir. 1992)(holding grant of new trial reviewed for abuse of discretion). Of course, as defendants contend, district courts can and do grant new trials in the interests of justice. See, e.g., Holmes v. Wack, 464 F.2d 86, 88-89 (10th Cir. 1972)(upholding grant of new trial due to excessive verdict). Ineffective assistance of counsel is not a proper basis upon which to declare that a trial in a civil suit was unjust, however. See MacCuish, 844 F.2d at 735-36. Therefore, the second trial in this case was improperly granted and the first jury verdict must be reinstated. We do not address Ms. Wood's argument that "updated" damages from the second trial should nevertheless be used, as she offered no legal support for this contention.

As a result of our holding that the grant of a new trial was reversible error, Ms. Wood's two assertions of error in the second trial are moot and we need not address them.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED to the district court with directions to VACATE the April 5, 1995 judgment and the June 10, 1993 order vacating judgment and granting defendants' motion for new trial, and to REINSTATE the April 20, 1993 judgment.

5

Entered for the Court


Wade Brorby
Circuit Judge