**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHERRY ANN WOOD,

     Plaintiff-Appellant,

v.

RUBYE L. HARRINGTON; LILLIE
MAE SMALLWOOD, individually
and in her representative capacity;
EFFECTIVE SECRETARIAL
SERVICES, INC., an Oklahoma
corporation; EFFECTIVE SUPPORT
SERVICES, INC., dba Effective
Secretarial Support Services, Inc.; dba
ESS, Inc.,

     Defendants-Appellees.

No. 96-6337
(D.C. No. CIV-92-243-L)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is the second appeal in plaintiff's suit arising out of her retaliatory discharge from employment with Effective Secretarial Services, Inc. and Effective Support Services, Inc. Defendant Rubye L. Harrington is the only defendant to respond on this appeal.

The past procedural history is set out in the first appeal and will only be summarized here. See Wood v. Harrington, No. 95-6192, 1996 WL 196598, at **1 (10th Cir. Apr. 24, 1996) (order and judgment). Plaintiff asserted several claims against defendants, including claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Service Contract Act of 1965, 41 U.S.C. §§ 351-58, in conjunction with the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19. Her claims were tried twice. The first jury found in her favor, awarding her reinstatement to her job with defendants and $42,894.00 for wages lost up to that point and emotional distress. A judgment to that effect was filed on April 20, 1993. Defendants moved for and were granted a new trial. The first trial judge then recused, and the case was reassigned. Plaintiff moved for reconsideration of the grant of a new trial, which was denied

by the new trial judge. By this time, defendants Smallwood and Effective Secretarial Services, Inc. were in bankruptcy, and Effective Support Services, Inc., allowed a default judgment to be entered against it. Plaintiff's claims were therefore retried solely against Ms. Harrington.[1] The second jury also found in plaintiff's favor. Ms. Harrington moved for and was granted judgment as a matter of law. Accordingly, a judgment in favor of plaintiff against Effective Support Services, Inc. alone was entered on April 5, 1995. Plaintiff then appealed, raising points of error related to both trials.

In that first appeal, we ordered the judgment from the second trial to be vacated because defendants' motion for a new trial had been granted on an impermissible ground, and ordered the judgment from the first trial to be reinstated. See Wood, 1996 WL 196598, at **2-**3 (citing MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988)). We held that plaintiff's claims of error related to the second trial were moot.

On remand, the district court reinstated the April 20, 1993 judgment, and then considered plaintiff's motions for equitable relief in the form of additional back pay, liquidated damages, and an interim award of attorney's fees. In its subsequent judgment, the court denied plaintiff additional back pay because it

---

[1] The order and judgment in the first appeal erroneously stated that plaintiff's claims were retried against both Ms. Harrington and Effective Support Services, Inc. See Wood, 1996 WL 196598, at **1.

found no legal basis to support such an award, but awarded plaintiff "$42,894.00 as liquidated damages and $24,638.50 as attorney's fees, with interest thereon at the rate allowed by law from this date until paid." Appellant's App. at 42.

Plaintiff now appeals from the district court's judgment awarding liquidated damages and attorney's fees. She claims the district court erred: (1) in denying her additional back pay; (2) in denying her attorney's fees for the second trial and first appeal; and (3) in reducing the hours and hourly rates requested by her attorney and his legal assistant.

Plaintiff sought equitable relief in the form of additional back pay because she has never been reinstated to her job with defendants, as directed by the reinstated April 20, 1993 judgment. In cases of retaliation by an employer against an employee, such equitable relief is permitted by the FLSA, 29 U.S.C. § 216(b), which was cited in plaintiff's district court brief. The district court therefore erred in stating that "plaintiff has presented no authority that would permit or require such an award." Appellant's App. at 40 (District Court's Aug. 26, 1996 order, at 2). Moreover, despite the district court's discretion in fashioning an award of back pay, to award nothing at all is inappropriate in these circumstances. District courts have "'the historic power of equity to provide complete relief in light of the [FLSA's] purposes.'" Atchison, Topeka & Santa Fe R.R. v. Lennen, 732 F.2d 1495, 1507 (10th Cir. 1984) (quoting Mitchell v. Robert DeMario

-4-

Jewelry, Inc., 361 U.S. 288, 292 (1960)).  Plaintiff substantially prevailed in both trials and on the first appeal.  The second trial was granted and allowed to proceed in contravention of controlling authority, which was cited to the court in plaintiff's motion for reconsideration.  The delay in reinstatement caused by the second trial and first appeal was not plaintiff's fault, and she should not be penalized for it.

We review an award of attorney's fees for abuse of discretion.  See Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995) (FLSA case).  The district court abused its discretion in denying plaintiff attorney's fees for the second trial.  The FLSA allows attorney's fees "in addition to any judgment awarded." 29 U.S.C. § 216(b).  Plaintiff has a judgment in this action.  Vacating the second judgment did not change that, as the first judgment, also in plaintiff's favor, was reinstated.  We therefore will remand for a determination of fees for the second trial.

We affirm the district court's decision not to award appeal-related fees, however, because the district court had no jurisdiction to award them.  See Hoyt v. Robson Cos., Inc., 11 F.3d 983, 985 (10th Cir. 1993); International Ass'n of Fire Fighters, Local 2203 v. West Adams County Fire Protection Dist., 877 F.2d 814, 821 (10th Cir. 1989) (FLSA case).

Finally, plaintiff argues, somewhat redundantly, that the district court erred

in reducing the hours and hourly rates requested by her attorney and his legal assistant. The district court's determinations of the reasonable number of hours to be compensated and the reasonable hourly rates to be used are reviewed for abuse of discretion. See Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995). The district court reduced the hours and hourly rates requested by plaintiff's attorney and his legal assistant because: (1) it lacked jurisdiction to award appeal-related fees, so hours spent on the first appeal were subtracted; (2) this court's previous order and judgment rendered the second trial a nullity, so hours spent on the second trial were subtracted; and (3) the rates requested exceeded those the district court found reasonable in a companion case. See Appellant's App. at 40-41 (District Court's Aug. 26, 1996 order, at 2-3.) As discussed above, hours for the first appeal were appropriately subtracted, but the vacation of the second judgment is not a valid reason to deny plaintiff fees for time spent to prosecute the second trial. Plaintiff has not shown that the district court abused its discretion in reducing the hourly rates claimed by her attorney and his legal assistant. We affirm the district court's determination of the rates to be awarded, but will remand for recalculation of the hours to be compensated.

We note that Ms. Harrington argues that because she was not named in plaintiff's EEOC charge, the district court lacked jurisdiction to try plaintiff' Title VII claims against her, and this court lacks jurisdiction over the appeal. See

Romero v. Union Pac. R.R., 615 F.2d 1303, 1311-12 (10th Cir. 1980) (explaining four-part test used to determine whether party not named in EEOC charge may be sued under Title VII).  We find it unnecessary to decide this issue.  First, the judgment for liability is outside the scope of this appeal.  Next, liquidated damages were awarded to plaintiff under the FLSA; therefore, Ms. Harrington's Title VII jurisdictional argument cannot affect this award.  See Appellant's App. at 40 (District Court's Aug. 26, 1996 order, at 2 (citing FLSA cases to support liquidated damages award)).  Furthermore, as we have discussed above, the other relief plaintiff seeks from Ms. Harrington is available under the FLSA. Ms. Harrington does not challenge this court's jurisdiction under the FLSA.  As a result, her challenge to this court's jurisdiction under Title VII is unavailing even if it is correct.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


J. Thomas Marten
District Judge