**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, trustee,**

and

**Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee, Plaintiffs,**

v.

**CENTRAL CARTAGE CO., a Michigan Corporation, Defendant.**

No. 94 C 774.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 27, 1998.

Thomas Maurice Weithers, Robert Anthony Coco, Patrick J. Connor, Central States Law Department, Rosemont, IL, Albert M. Madden, Central States Law Department, Des Plaines, IL, for plaintiffs.

Patrick A. Moran, Evans & Luptak, P.L.C., Detroit, MI, Grady B. Murdock, Jr., Earl N. Neal & Assoc., Chicago, IL, Scott T. Stirling, Evans & Luptak, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds and their trustee, Howard McDougall, ("Fund"), brought suit against Central Transport, Inc.[1] and Central Cartage Co. ("Cartage"), seeking to collect delinquent contributions to employee benefit plans. I granted summary judgment for the Fund.[2] The parties now dispute the additional amounts that should be awarded the Fund

in the final judgment. The Fund also moves to substitute defendants. For the following reasons, the Fund is awarded a total judgment of $1,837,656.77, and the motion to substitute defendants is denied.

### Additional Amounts

The Fund requests $892,111.05 in interest, additional interest, audit costs, attorney's fees, and costs, in addition to the $947,332 in contributions awarded on the summary judgment motion.[3] (Pl.'s Statement of Add. Amounts at 2). All of these expenses are recoverable under 29 U.S.C. § 1132(g)(2). Cartage objects to certain amounts the Fund has included in its calculation of additional amounts. Each objection will be considered in turn.

### A. Jurisdiction to Award Fees

■ Cartage first argues this court lacks jurisdiction to award the Fund attorney's fees incurred during an interlocutory appeal taken in this case.[4] The Fund contends it is entitled to attorney's fees for the appeal and further, this is the first opportunity it has had to request them. Under ERISA, attorney's fees may only be awarded once "a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2). The interlocutory appeal in this case was taken before the Fund had established a right to benefits. At least one court has considered whether a plaintiff may recover attorney's fees incurred on an appeal taken before the establishment of a right to benefits. *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246, 1253–53 (9th Cir.1993). In *Flanagan*, the court overturned a grant of summary judgment to the defendant and then considered whether the plaintiffs were entitled to recover attorney's fees for the appeal. 3 F.3d at 1252. The court recognized that an award of attorney's fees is only proper under ERISA once the plaintiff has

1. I dismissed the claims against this defendant in an October 2, 1995 Minute Order.

2. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 962 F.Supp. 122 (N.D.Ill.1997).

3. The contribution figure is slightly lower than the figure originally awarded on summary judg-

ment due to the correction of a clerical error by the Fund.

4. The appeal was dismissed for lack of jurisdiction. *Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co.*, 84 F.3d 988 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 276, 136 L.Ed.2d 199 (1996).

established an ERISA violation. *Id.* at 1253. Since the plaintiffs had yet to prove the defendants had violated ERISA, the court found an award of attorney's fees premature. *Id.* at 1254. The court specifically noted that "[t]he district court may award the plaintiffs fees (including fees for th[e] appeal) at a later date if the plaintiffs establish that the defendants have violated ERISA." *Id.; see also Rodriguez v. Handy,* 873 F.2d 814, 817–18 (5th Cir.1989) (finding the district court may award attorney's fees for appeal dismissed due to lack of jurisdiction if plaintiffs later prevail on the merits).

The Fund's request for attorney's fees at the time of the interlocutory appeal in this case would have been premature because the Fund had yet to prevail on the merits in the district court. I find the *Flanagan* court's reasoning persuasive and conclude that I do have jurisdiction to award attorney's fees for the interlocutory appeal.[5]

■ Cartage also argues that attorney's fees should not be awarded in this case because its interlocutory appeal was "substantially justified." Regardless of whether the interlocutory appeal was or was not justified, 29 U.S.C. § 1132(g)(2) states "the court shall award ... reasonable attorney's fees."[6] Even if the award of attorney's fees was not mandatory, it is clear the Fund attorney's fees incurred during the interlocutory appeal are a proper expense.

### B. Printing Costs

■ Cartage next argues that the Fund's printing of its Supreme Court brief for the appeal from the Seventh Circuit is a nontaxable item under 28 U.S.C. § 1920 and Supreme Court Rule 43 and thus, may not be recovered. The Fund argues that 28 U.S.C. § 1132(g)(2) permits the award of costs that are not otherwise taxable. However, the Supreme Court has decided the expense of printing a brief is not taxable. Supreme Court Rule 43.3. Thus, costs for printing briefs are not taxable under 28 U.S.C. § 1920 and may not be recovered by the Fund. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir.1994) (finding, in a case dealing with civil RICO and consumer fraud, that the costs for printing briefs in the Supreme Court are not taxable and not recoverable).

### C. Duplicative Work

■ Cartage next argues that the Fund's attorney's fees should be denied because the Fund could have amended its complaint in a previous case to include the claims presented in the instant case.[7] Cartage believes the attorney's fees in this case are duplicative. The Fund points out, however, that it could not have amended its previous complaint because discovery had closed in that case four months before this litigation commenced. Additionally, this case involved a different time period than the previous case and, while some issues did overlap, the issue of appellate jurisdiction was unique in this case and the facts that led to waiver of Cartage's ADR defense were different in each case.

Other than a general argument that this case could have been avoided and thus fees should not be awarded, Cartage presents no evidence that any of the Fund's fees are duplicative. This case was not avoided, the Fund did prevail, and it may properly be awarded attorney's fees under ERISA.

### D. Dismissal of One Defendant

■ Cartage next suggests that the Fund's attorney's fees should be halved since one of the defendants, Central Transport, Inc., was dismissed from the case. Cartage

---

5. The only case Cartage cites for the proposition jurisdiction is inappropriate in this case is inapposite. *Hoyt v. Robson Companies, Inc.,* 11 F.3d 983 (10th Cir.1993). In a non-ERISA setting, the *Hoyt* court considered whether the district court could award attorney's fees for an appeal taken after a final judgment on the merits. There was no final judgment at the time of the appeal in the instant case.

6. A court only has discretion in awarding attorney's fees under 29 U.S.C. § 1132(g)(1). Since this case falls under 29 U.S.C. § 1132(g)(2), Cartage's argument and the cases cited are not on point.

7. The case Cartage refers to is *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 861 F.Supp. 1402 (N.D.Ill.1994).

cites *Zemko v. Muntz Indus., Inc.*, No. 94 C 761, 1995 WL 431168 (N.D.Ill. July 19, 1995), for the proposition that a prevailing party may not recover attorney's fees against one defendant for work that involved another defendant later dismissed from the case. In *Zemko*, the plaintiff proceeded against each defendant on "substantially different" theories of law, seeking recovery against one defendant based on state law and against another defendant based on ERISA. 1995 WL 431168, at *2. The court found that "[b]ecause the claims against the two defendants [were] distinct, Plaintiff's failure to prevail against [Defendant A] mean[t] that Plaintiff may not recover attorney's fees against [Defendant B] for work performed on the claim against [Defendant A]." *Id.*

The Supreme Court has noted that the first question that must be asked in determining whether legal fees are appropriate in this circumstance is whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded?" *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Supreme Court also noted that "[a] request for attorney's fees should not result in a second major litigation." *Id.* at 437. Unlike the plaintiff in *Zemko*, the Fund brought the same claim against both defendants in this case. Ultimately, one of the defendants was dismissed. Still, while both defendants remained in the case, they continually filed joint papers. Cartage has not objected to specific portions of the Fund's request for fees or pointed to any portion of the Fund's billing that indicates work done solely on the claim against Central Transport, Inc. Under these circumstances, I find that Cartage's request for attorney's fees is proper.

### E. Proportionality

■ Cartage next contends that an award of attorney's fees of nearly $50,000 to the Health and Welfare Fund is unreasonable because the Fund only recovered $987. The request of $50,000 by the Health and Welfare Fund is pure happenstance, as it was the plaintiffs who decided how to allocate attorney's fees. The total amount requested, close to $100,000, is reasonable given this litigation. Additionally, the Seventh Circuit has found that fees need not be calculated proportionally to damages. *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187 (7th Cir.1994) (citations omitted).

### F. Computer Assisted Legal Research and Travel Expenses

■ Cartage also objects to the Fund's cost request for Westlaw charges and "in-town travel." Computerized legal research is a task generally performed by attorneys, paralegals and law clerks. It is a cost incident to attorneys' fees. *E.E.O.C. v. Sears Roebuck & Co.*, 111 F.R.D. 385, 394 (N.D.Ill. 1986). Because it is a tool to make more efficient use of an attorney's time, charges for it are really expenses associated with attorneys' fees. *Haroco, Inc.*, 38 F.3d at 1441. Consequently, while the Fund's request is not allowable as a cost, it is allowable as part of the attorney's fees. Accordingly, the costs must be reduced by $2411.33 and the attorney's fees increased by the same amount.

■ As noted in *Zemko*, travel time is compensable as part of a reasonable fee. 1995 WL 431168 at *3. The Fund, however, has requested $176 .51 in travel expenses but does not specifically state what the "in-town travel" was for or how it was related to this case. Due to the lack of explanation or justification for these costs, they will be disallowed.

### G. Market Rate

Finally, Cartage argues that the Fund's legal fees should not be calculated at market rate. The Seventh Circuit has determined in an appeal between these same parties that market rate is the appropriate rate for determining legal fees under the circumstances presented in this case. *Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co.*, 76 F.3d 114, 116–17 (7th Cir.1996).

### H. Total

I have reviewed the time records of the Fund's counsel and find them to be sufficiently detailed. They include the amount and type of work performed. My May 1,

1997 order is amended to indicate the proper contribution award of $947,332. The Fund is granted additional amounts of $388,995.67 for interest, $388,995.67 for additional interest, $101,156.83 for attorney's fees (amount requested plus Westlaw charges), $10,048.50 for audit costs, and $1,128.10 for costs (amount requested less Westlaw charges, travel expenses, and printing costs). The total amount awarded is $1,837,656.77.

### Substitution

 The Fund moves to substitute Cen-Tra, Inc., as a defendant in place of Cartage. The Fund asserts that Cartage has been split into two corporations, Old Cartage and New Cartage.[8] The Fund claims that Old Cartage, the defendant in the present action, has merged into CenTra. CenTra claims there is no "New" or "Old" Cartage. Instead, Cen-Tra claims that, in a simultaneous transaction, it merged with Cartage and then reincorporated Cartage's trucking assets as a wholly-owned subsidiary of CenTra. Subsequently, this wholly-owned subsidiary (referred to by the Fund as New Cartage) was sold to another corporation, U.S. Truck Company, Inc. Not long after the Fund's motion for substitution, New Cartage appealed this court's May 1, 1997 ruling granting summary judgment to the Fund. The case is presently before the Seventh Circuit Court of Appeals. The Fund claims this is a frivolous appeal because Old Cartage was really the defendant in the lower court case and thus, the appeal is taken by a non-party to this action. The Fund has moved to dismiss the appeal on this ground. CenTra now moves to dismiss the motion for substitution, claiming this court lacks jurisdiction while the case is pending appeal.

 " '[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

appeal.' " *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir.1995) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). A district court may still address ancillary matters, such as costs, while a case is pending appeal. *Id.* at 194. A motion for substitution of defendants is not an ancillary matter. Indeed, a determination of who the parties to a dispute are lies at the very heart of a case. If I grant the motion to substitute defendants at this time, this court would, in essence, have made a decision that the Seventh Circuit is currently hearing an appeal with improper parties. Whether the proper parties are before the Seventh Circuit is a decision for that court unless it mandates otherwise.[9] To date, it has not.

### Conclusion

For the above reasons, judgment is entered in the amount of $1,837,656.77 for the Fund. The Fund's motion to substitute defendants is denied.

---

8. According to the Fund, both New and Old Cartage now have the same name (Central Cartage Co.), although the Cartage the Fund refers to as New Cartage was originally named Central Cartage Co. of Michigan.

9. The Fund, in fact, has already asked the Seventh circuit to make this decision by filing a motion to dismiss because the appeal was not filed by a proper party.