Debra L. SCOTT, Plaintiff,

v.

TOPEKA PERFORMING ARTS CENTER, INC., and Harold Hansen, Defendants.

No. 99–4002–SAC.

United States District Court, D. Kansas.

July 1, 1999.

Peter R. Bulmer, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, Michael T. Graham, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, Craig M. Hoetger, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, for defendant.

J. Franklin Hummer, Davis, Unrein, Hummer, McCallister, Biggs & Head, L.L.P., Topeka, KS, for plaintiff.

Ron D. Martinek, Gehrt & Roberts, Chartered, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The defendants, Topeka Performing Arts Center, Inc. ("TPAC") and Harold Hansen, move to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) all claims asserted in paragraph six of the plaintiff's complaint. (Dk.6). The defendants argue: (1) there is no cognizable federal common law claim for retaliatory discharge; (2) the remedies available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* preclude a state common law claim for retaliatory discharge; and (3) the plaintiff's claim does not implicate a "public policy" pertaining to public health, safety, and the general welfare. The plaintiff op-

poses the motion after first clarifying that she is making no claim under federal common law.

The defendants direct their motion to paragraph six of the plaintiff's complaint, which reads: "Harold Hansen, individually and/or in the scope of his employment with TPAC, wrongfully terminated Plaintiff for her assertion of her employment rights contrary to the public policy of the State of Kansas and the United States of America." (Dk.1, Attach.A). Though paragraph six fails to identify or describe the public policy at issue, paragraph five of the complaint does refer to the legal source of her employment rights: "Plaintiff was terminated because of her assertion of her believed rights under the Fair Labor Standards Act. Plaintiff's termination was in retaliation of the assertion of her rights." (Dk.1, Attach.A). Neither paragraph five nor paragraph six alleges what the plaintiff asserted as her "believed rights" under the FLSA. In short, paragraph five alleges a FLSA claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), and paragraph six purports to allege a state common-law claim of retaliatory discharge based upon the plaintiff's assertion of her "believed rights" under the FLSA.

*Standards Governing Motion to Dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993);

*see Hospice of Metro Denver v. Group Health Ins.*, 944 F.2d 752, 753 (10th Cir. 1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief."). The Tenth Circuit has observed that the federal rules " 'erect a powerful presumption against rejecting pleadings for failure to state a claim.' " *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir.1995) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

■ A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (footnote omitted).

Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989).

*Governing Kansas Law*

■ Kansas remains an at-will employment jurisdiction, in which employment is terminable at the will of the employee or employer in the absence of an express or implied contract. *Flenker v. Willamette Industries, Inc.*, 266 Kan. 198, 200, 967 P.2d 295 (1998). The Kansas Supreme Court has recognized certain exceptions to the at-will employment doctrine that are based on public policy considerations. For example, in *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685 (1988), the plaintiff sued alleging she had been discharged in retaliation for reporting her employer's illegal or fraudulent billing practices under the Medicaid program. The *Palmer* court first recognized the tort of retaliatory discharge for whistle-blowing. *Ortega v. IBP, Inc.*, 255 Kan. 513, 517, 874 P.2d 1188 (1994). Besides listing the different Kansas statutes that protected at-will employees from retaliatory discharge "for reporting certain types of abuses," 242 Kan. at 896, 752 P.2d 685, the court in *Palmer* looked specifically at the state[1] "public policy involved in the implementation of the Medicaid program" as reflected in Kansas statutes. 242 Kan. at 898–99, 752 P.2d 685. The court concluded: "termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer ... is an actionable tort." 242 Kan. at 900, 752 P.2d 685; *see Brown v. United Methodist Homes for*

---

1. In its review of Kansas case law, the *Palmer* court noted its statement in *Anco Constr. Co. v. Freeman*, 236 Kan. 626, 693 P.2d 1183 (1985), "that *Murphy [v. City of Topeka-Shawnee*, 6 Kan.App.2d 488, 630 P.2d 186 (1981) ] 'applies only to interests protected by state law,' in holding the claim of an employee who was fired for protesting the wage scale at his construction job was covered by the National Labor Relations Board rather than state law." 242 Kan. at 897, 752 P.2d 685.

*the Aged,* 249 Kan. 124, 135, 815 P.2d 72 (1991) ("Conduct of an employer violative of public policy and giving rise to a cause of action has been recognized when an employee is discharged in retaliation ... for exercising rights under labor-management relations statutes, ..., and for various other violations of public policy interests.").[2]

The Kansas Supreme Court recently held, in response to a certified question, that the statutory remedy provided by the Occupational Safety and Health Administration ("OSHA") § 11(c) [29 U.S.C. § 660(c) ] for employees who are discharged in retaliation for filing complaints under that federal statute is not an adequate alternative remedy as to preclude a common-law retaliatory discharge claim under Kansas law. *Flenker v. Willamette Industries, Inc.,* 266 Kan. 198, 199, 967 P.2d 295 (1998). The plaintiff Flenker alleged the defendant fired him in retaliation for reporting unsafe working conditions. The *Flenker* court framed their answer and analysis around the its prior decision of *Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 752 P.2d 645 (1988):

> *Coleman* overruled *Cox v. United Technologies,* 240 Kan. 95, 727 P.2d 456 (1986), *Smith v. United Technologies,* 240 Kan. 562, 731 P.2d 871 (1987), and *Armstrong v. Goldblatt Tool Co.,* 242 Kan. 164, 747 P.2d 119 (1987). The overruled cases involved the interrelationship of Kansas tort law and law of labor union contracts. In each of the three overruled cases: (1) a discharged employee was covered by a collective bargaining agreement, (2) the agreement prohibited the employee's discharge except for just cause, and (3) the employee was held not to have a cause of action in tort for wrongful discharge. *Coleman* reasoned that a retaliatory dis-

charge action for filing a workers compensation claim is based on a violation of state public policy independent of a collective bargaining agreement. 242 Kan. 804, Syl. ¶ 1, 752 P.2d 645. *Coleman* also concluded that the arbitration procedures provided for in the collective bargaining agreement were a "limited remedy" and might not result in the employee's right being "adequately protected." 242 Kan. at 813–14, 752 P.2d 645.

*Flenker,* 266 Kan. at 202, 967 P.2d 295. The court extended the *Coleman* ruling beyond the collective bargaining context to include "employees protected by statutory schemes such as OSHA." 266 Kan. at 203–04, 967 P.2d 295. The *Flenker* court concluded that "whistle-blowing is protected by a clearly declared public policy" enunciated in *Flenker,* 266 Kan. at 204, 967 P.2d 295.

In answering the certified question, the court in *Flenker* discussed the alternative remedies doctrine in these terms:

> The alternative remedies doctrine at issue here, referenced sometimes as preclusion, is a substitution of law concept. Under the alternative remedies doctrine, a state or federal statute would be substituted for a state retaliation claim if the substituted statute provides an adequate alternative remedy. *Bair v. Peck,* 248 Kan. 824, 838, 811 P.2d 1176 (1991). *Masters v. Daniel, Intern. Corp.,* 917 F.2d 455, 457 (10th Cir.1990), relied on *Polson* [*v. Davis,* 895 F.2d 705 (10th Cir.1990) ]. The question to ask in resolving recognition of a state tort claim for retaliatory discharge is whether the statutory remedy is adequate and thus precludes the common-law remedy. 917 F.2d at 457 (held the Energy Reorganization Act, 42 U.S.C. § 5851 *et seq.* [1994], provided an adequate alternative remedy.)

---

**2.** As mentioned previously, the plaintiff does not disclose in her complaint or her response what employment rights under the FLSA were asserted for which she was allegedly terminated in retaliation.

266 Kan. at 202–03, 967 P.2d 295. In concluding that OSHA § 11(c) was an inadequate alternative remedy, the court observed that the employee must file a complaint with the Secretary of Labor within thirty days from discharge and that it is the Secretary who decides what is an appropriate investigation of the complaint, whether there has been a violation, and whether an action must be filed. 266 Kan. at 206–07, 967 P.2d 295. The court remarked that this remedy was "limited" noting the Secretary's discretion was "a significant limitation on the employee's right to redress" which could be impacted by concerns ranging from politics to budget constraints. 266 Kan. at 206, 967 P.2d 295. "[U]nder OSHA § 11(c), the decision to pursue an employee's claim of retaliatory discharge is made by an administrative agency." 266 Kan. at 208, 967 P.2d 295. The court found nothing in the OSHA statute which gave a discharged employee the right to seek an administrative appeal or a second chance to convince the agency on the need to file suit.

The *Flenker* court found it "instructive to compare OSHA § 11(c) to other federal statutory remedies." In comparing the remedies under Title VII, 42 U.S.C. § 2000a *et seq.* and the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44–1001 *et seq.,* the court observed:

> Under Title VII, the aggrieved person is not left without a remedy if the administrative agency does not pursue the complaint; the complainant is given permission to sue. Also, there is no agency discretion language in the Title VII provision providing for agency investigation. The employee's remedy is more effective under Title VII than it is under OSHA.

> *Polson* was correct in surmising the Kansas rule to be that an adequate alternative remedy precludes a common-law retaliatory discharge action. However, neither the *Polson* facts nor KAAD is before us here. This is an

OSHA case. We are not reviewing *Polson's* conclusion that we would find that KAAD provided an "adequate and exclusive state remedy for violations of the public policy enunciated therein." 895 F.2d at 706.

266 Kan. at 209, 967 P.2d 295.

Prior to *Flenker,* the Tenth Circuit affirmed a district court ruling that a retaliatory discharge claim was precluded by the alternative statutory remedy provided in the FLSA. *Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1399 (10th Cir.1997). The Tenth Circuit, citing its decision in *Polson,* agreed that an adequate alternative remedy existed under the FLSA which precluded a state common-law action for retaliatory discharge. *Id.*

*Analysis*

In arguing that the remedies under the FLSA are inadequate, the plaintiff essentially posits that *Flenker* must be read for more than it says. The plaintiff understands *Flenker* to have criticized the Tenth Circuit's decision in *Polson* and to have interpreted the *Coleman* decision as creating a "heightened adequacy test." For these reasons, the plaintiff contends that the Tenth Circuit's decision in *Conner* is not binding on this court.

██ The plaintiff reads too much into *Flenker.* In effect, the Kansas Supreme Court in *Flenker* agreed with the Tenth Circuit's conclusion in *Polson* that the availability of adequate statutory remedies precludes a state retaliatory discharge claim. 266 Kan. at 209, 967 P.2d 295 ("*Polson* was correct in surmising the Kansas rule to be that an adequate alternative remedy precludes a common-law retaliatory discharge action."). Rather than just adopting *Polson* as a proper interpretation of Kansas law, the Kansas Supreme Court independently justified its holding on its earlier decision in *Coleman.* As for being critical of *Polson,* the Kansas Supreme court did comment in *Flenker:*

*Polson* reasoned that this court would adopt the view that KAAD provides an adequate and exclusive state remedy for violations of the public policy at issue. 895 F.2d at 709. We note, however, that *Polson* seems to employ a strict view of "adequate," finding there is no evidence that the remedies provided for in KAAD were "constitutionally inadequate to compensate plaintiff," or "so inadequate to enforce the stated public policy as to require bolstering by a common law cause of action." 895 F.2d at 709–10.

266 Kan. at 201, 967 P.2d 295. The court is unsure what meaning to give this comment.[3] Even so, the court in *Flenker* nowhere states that its "view" of "adequate" differs materially from *Polson's* view. For that matter, the holding in *Flenker* does not necessarily imply an adequacy standard more demanding than that applied in *Polson*. The plaintiff's arguments fail to persuade the court that the ruling and rationale in *Flenker* undermine or weaken in any way the precedential weight of the Tenth Circuit's holding in *Conner*. Consequently, the court follows *Conner* in holding that the plaintiff's state law claim for retaliatory discharge is "precluded by the alternative statutory remedy available under the FLSA." 121 F.3d at 1399.

The plaintiff goes on to argue that it is unclear whether relief on her FLSA retaliation claim would include all of the remedies available under her state-law claim, in particular, damages for loss of reputation and emotional distress and punitive damages. The plaintiff's argument begs the question for what purpose is a remedy "adequate." According to the plaintiff, the alternative remedies are not "adequate" unless co-extensive with her common-law "make-whole" remedy. The plaintiff, however, does not cite any Kansas case law defining "adequacy" in such terms or requiring such a strict comparison of damage remedies.

In *Coleman,* the Kansas Supreme Court framed the adequacy test in terms of the alternative remedy offering adequate protection of the employee's state public policy right against her employer. 242 Kan. at 813–14, 752 P.2d 645; *see Flenker,* 266 Kan. at 202, 967 P.2d 295. This test does not appear significantly different from that articulated in *Polson* of constitutionally adequate compensation or adequate to enforce the stated public policy. 895 F.2d at 709–710. It only makes sense that the evaluation of adequacy would include the remedy's effectiveness in enforcing the public policy and the employees' rights thereunder. *See Valerio v. Putnam Associates Inc.,* 173 F.3d 35, 46 (1st Cir.1999) (In holding that the FLSA retaliation claim precluded a state law retaliation claim, the First Circuit noted that the Supreme Judicial Court in *Melley v. Gillette Corp.,* 397 Mass. 1004, 491 N.E.2d 252 (1986) had adopted the analysis and conclusion of the intermediate appellate court, which had reasoned: "[t]he rationale for implying a private remedy under the 'public policy exception' to the traditional rule governing at-will employment contracts is that, unless a remedy is recognized, there is no other way to vindicate such a public policy" and "where, as here, there is a comprehensive remedial statute, the creation of a new common law action based on the public policy expressed in that statute would interfere with that remedial scheme." *Melley v. Gillette Corp.,* 19 Mass.App.Ct. 511, 475 N.E.2d 1227, 1228, 1229 (1985)); *Dorricott v. Fairhill Center For Aging,* 2 F.Supp.2d 982, 993 (N.D.Ohio 1998) "As the *Painter* Court noted, 'judicial policy preferences may not be used to override valid legislative enactments, for the [legislature] should be the final arbiter

---

**3.** In this context, "strict" may mean exacting and not permissive, or it may mean narrow and limited.

of public policy.' Because the legislature has enunciated public policy and provided remedial schemes to protect employees in this area, this Court will not override the scheme...." (quoting *Gall v. Quaker City Castings*, 874 F.Supp. 161, 164 (N.D.Ohio 1995)).

■ The FLSA provides the plaintiff Scott with a broad federal remedial statutory scheme to enforce her claim of retaliation for the assertion of rights under the FLSA. On a retaliation claim under 29 U.S.C. § 215(a)(3), the employer "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "District courts have " 'the historic power of equity to provide complete relief in light of the [FLSA's] purposes.' " *Wood v. Harrington*, 133 F.3d 933, 1998 WL 3469, at *2 (10th Cir. Jan.6, 1998) (Table) (quoting *Atchison, Topeka & Santa Fe R.R. v. Lennen*, 732 F.2d 1495, 1507 (10th Cir.1984) (quoting in turn *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960))). In *Flenker*, the Kansas Supreme Court quoted the following from *Shawcross v. Pyro Products, Inc.*, 916 S.W.2d 342, 345 (Mo.App.1995):

> "OSHA only allows an employee to file a complaint with the Secretary of Labor who then decides whether to bring an action on the employee's behalf.... The decision to assert a cause of action is in the sole discretion of the Secretary of Labor and the statute affords the employee no appeal if the Secretary declines to file suit. *Id.* *It is obvious from the language of the two statutes that although an employee may obtain any type of relief possible under the FLSA [Fair Labor Standards Act] through the employee's own actions, the relief avail-able under OSHA is limited to what the Secretary of Labor deems appropriate."*

266 Kan. at 205, 967 P.2d 295 (underlining added). Because the FLSA provides Scott with remedies adequate to vindicate federal and state public policy and her rights thereunder, the alternative remedies doctrine precludes the plaintiff from bringing her common-law retaliatory discharge claim.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) all claims asserted in paragraph six of the plaintiff's complaint. (Dk.6) is granted.