**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STICHTING MAYFLOWER
RECREATIONAL FONDS;
STICHTING MAYFLOWER
MOUNTAIN FONDS, Netherlands
associations,

      Plaintiffs-Counter-
      Defendants-Appellants,

v.

CITY OF PARK CITY, UTAH,

      Defendant-Appellee,

UNITED PARK CITY MINES CO.,
a Delaware corporation,

      Defendant-Counter-Claimant-
      Third-Party-Plaintiff-
      Appellee,

v.

ARIE CORNELIS BOGERD, an
individual and citizen of Hei-en
Boeicop, Netherlands,
MAYFINANANCE CV, a
Netherlands commanditaire
vennotschap; STICHTING BEHEER
MAYFLOWER PROJECT,
a Netherlands Foundation,

      Third-Party-Defendants.

No. 05-4307
(D.C. No. 2:04-CV-925-DAK)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Plaintiffs appeal from an order dismissing their claims but not dismissing the counterclaims filed against them by United Park City Mines Co. (United Park). United Park and the City of Park City (the City) moved to dismiss the appeal for lack of jurisdiction and filed motions for sanctions for filing a frivolous appeal. We conclude that we lack jurisdiction over the appeal. Accordingly, the appeal is dismissed, the motions for sanctions are granted, and the sanctions issue is remanded to the district court to determine the sanction amount.

"Under 28 U.S.C. § 1291, this court has jurisdiction over all final orders of the district court. A final order ends litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001) (quotation omitted). Because the district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's order did not dispose of all claims, this court directed plaintiffs to obtain an order from the district court either certifying the order for appeal under Fed. R. Civ. P. 54(b) or explicitly resolving the remaining counterclaims. The district court then issued an order expressly declining to certify its earlier order under Rule 54(b) or otherwise resolving the pending counterclaims.

Plaintiffs maintain that they are entitled to an immediate appeal "on a defense of immunity from suit." Plaintiff's Feb. 9, 2006 letter to clerk, at 1. Plaintiffs appear to argue that they are entitled to qualified immunity (or a defense similar to qualified immunity), which permits an interlocutory appeal, *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But they have cited no legal authority that supports this position. Qualified immunity generally is available only to those acting under color of state law, not to private actors such as plaintiffs. *Cf. Richardson v. McKnight*, 521 U.S. 399, 412 (1997) (holding private prison guards, unlike those employed by government, not entitled to qualified immunity in defense of §1983 action). Therefore, plaintiffs' qualified-immunity argument does not provide a basis for appellate jurisdiction. The order appealed from is not a final order and this court lacks jurisdiction. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (en banc).

As noted, United Park and the City have moved for sanctions against plaintiffs and/or their attorney for filing a frivolous appeal. They seek to recover their respective appellate attorney fees plus double costs, as authorized by

28 U.S.C. § 1927 and Fed. R. Civ. P. 38. Based on our conclusion that appellate jurisdiction is clearly lacking, we agree that this appeal is frivolous and we award reasonable attorney fees and costs for filing a frivolous appeal.

We remand the issue of reasonableness to the district court to determine the amount to be awarded. *See Hoyt v. Robson Companies, Inc.*, 11 F.3d 983, 985 (10th Cir. 1993) ("[A]n application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees."). In addition, the district court is directed to determine how the sanction shall be apportioned between plaintiffs and their counsel. If the appeal was taken upon the insistence of plaintiffs, they may be liable for a contribution to the sanctions awarded. On the other hand, if the court finds that counsel undertook the appeal without the insistence of his clients, counsel shall alone bear the costs of the sanctions.

This appeal is DISMISSED for lack of jurisdiction. The motions filed by United Park and the City for sanctions are GRANTED. The case is REMANDED to the district court to determine the sanction amount and the responsible parties in accordance with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-