TACHA, Circuit Judge.
Defendant-appellant Primary Residential Mortgage, Inc. (“PRMI”) appeals from the district court’s order awarding plaintiff-appellee Yvonne Flitton $367,689.00 in attorney’s fees as a prevailing party in a Title VII lawsuit. Ms. Flitton cross-appeals from the same order, challenging the district court’s conclusion that it lacked jurisdiction to award her appellate attorney’s fees because she failed to first request such fees in this court. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.
I. BACKGROUND
In 2003, Ms. Flitton filed suit against PRMI alleging, inter alia, discriminatory and retaliatory discharge in violation of Title VII, and seeking both compensatory and punitive damages for these alleged violations. At the close of Ms. Flitton’s case, the district court partially granted PRMI’s motion for judgment as a matter of law (“JMOL”) and dismissed Ms. Flit-ton’s discrimination and punitive damages claims. The court, however, allowed Ms. Flitton’s retaliation claim to go to the jury, which returned a verdict in her favor and awarded her $50,000 in emotional distress damages. The district court then granted PRMI’s renewed motion for JMOL, vacated the jury’s verdict, and entered judg *1176 ment in PRMI’s favor on the retaliation claim.
On appeal, this court reversed the district court’s decisions, remanded the case for a new trial on Ms. Flitton’s discrimination and punitive damages claims, and reinstated the jury’s verdict on Ms. Flitton’s retaliation claim. Ms. Flitton did not ask, and has never asked, this court to award her appellate attorney’s fees.
On remand, the second trial was divided into a jury trial portion for Ms. Flitton’s discrimination and punitive damages claims and a bench trial portion to determine whether she was entitled to, and the amount of, front pay and back pay damages on her retaliation claim. The jury found in favor of PRMI on Ms. Flitton’s discrimination and punitive damages claims, and the district court awarded her $354,703.05 in back pay based on the first jury’s verdict in her favor.
Ms. Flitton then sought attorney’s fees for her counsel’s work in the first trial, the appeal to this court, and the second trial. After conducting a thorough review of the parties’ submissions and arguments relating to Ms. Flitton’s fees, the district court ultimately awarded her $367,689.00 in fees. In explaining the fee amount, the district court rejected PRMI’s contention that Ms. Flitton was not entitled to any fees related to the second trial, or, in the alternative, that the fee amount should be reduced to reflect Ms. Flitton’s “limited” success on her claims. The court also rejected Ms. Flitton’s argument that she was entitled to appellate fees, instead concluding that it lacked jurisdiction to order such an award because Ms. Flitton had never requested fees from this court. Finally, in calculating the precise amount of the fee, the court refused to include fees that it found were unreasonably high or excessive, or were for clerical work, background research, or were supported by vague billing descriptions. PRMI now appeals the amount of the award and Ms. Flitton cross-appeals, claiming the district court erroneously concluded that it lacked jurisdiction to award her appellate fees.
II. DISCUSSION
In Title VII cases, a district court, “in its discretion, may allow the prevailing party ... a reasonable attorney’s fee.” 42 U.S.C. § 2000e-5(k). Thus, to obtain attorney’s fees, “a claimant must prove two elements: (1) that the claimant was the ‘prevailing party’ in the proceeding; and (2) that the claimant’s fee request is ‘reasonable.’ ” Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir.1998). Here, PRMI does not contest Ms. Flitton’s status as a prevailing party; rather, it only challenges the reasonableness of the district court’s fee award. Because the district court “is in a better position than an appellate court to determine the amount of effort expended and the value of the attorney’s services,” we review an attorney’s fee award for abuse of discretion. Starrett v. Wadley, 876 F.2d 808, 825 (10th Cir. 1989).
“The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.” Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see also Robinson, 160 F.3d at 1281 (“[A] court must begin by calculating the so-called ‘lodestar amount’ of a fee, ... [which] is the product of the number of attorney hours ‘reasonably expended’ and a ‘reasonable hourly rate.’ ”). This calculation, however, does not end the district court’s inquiry when, as in this case, the prevailing party succeeds on only some of her claims. Hensley, 461 U.S. at 434, 103 S.Ct. 1933. Indeed, the Supreme Court has instructed that in such cases, two additional questions must be consid *1177 ered: (1) whether the plaintiffs successful and unsuccessful claims were related; and (2) whether the plaintiffs overall level of success justifies a fee award based on the hours expended by plaintiffs counsel. Id.
A. The District Court Did Not Abuse Its Discretion by Awarding Ms. Flitton Fees for the Second Jury Trial
PRMI first argues that the district court should not haye awarded Ms. Flitton any fees associated with her counsel’s work on the second jury trial because that trial resulted in a “complete defense verdict,” and the discrimination and punitive damages claims litigated therein are completely unrelated to Ms. Flitton’s successful retaliation claim. “Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.” Id. at 440, 103 S.Ct. 1933. If, however, a plaintiff presents multiple related claims, “failure on some claims should not preclude full recovery [of attorney’s fees] if [the] plaintiff achieves success on a significant, interrelated claim.” Jane L. v. Bangerter, 61 F.3d 1505, 1512 (10th Cir. 1995). Indeed, “[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney’s fee reduced simply because the district court did not adopt each contention raised.” Hensley, 461 U.S. at 440, 103 S.Ct. 1933; see also Robinson, 160 F.3d at 1283 (recognizing that many civil rights suits involve related claims and holding that “[i]n such cases, it is inappropriate for a district court to evaluate the individual claims as though they were discrete and severable”). In the context of fee awards, we have held that claims are related if they are based on a common core of facts or are based on related legal theories. Jane L., 61 F.3d at 1512.
The district court concluded that Ms. Flitton’s successful retaliation claim and her unsuccessful discrimination and punitive damages claims were interrelated. We agree. As the district court pointed out, in the second jury trial Ms. Flitton pursued punitive damages for the retaliation claim on which she had obtained a jury verdict in the first trial. In these circumstances, it is difficult to distinguish between the time Ms. Flitton’s attorneys spent on the retaliation claim generally and the time they spent on her claim for punitive damages based on PRMI’s unlawful retaliation. See Hensley, 461 U.S. at 435, 103 S.Ct. 1933 (“Much of counsel’s time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.”). Furthermore, during the second jury trial, Ms. Flitton alleged that her termination was discriminatory. This claim concerns a crucial underlying fact that was also addressed in Ms. Flitton’s successful retaliation claim — the reason for her termination. Thus, the unsuccessful claims raised by Ms. Flitton in the second jury trial were not distinct in all respects from the successful claims she pursued in the first jury trial, and the district court did not abuse its discretion by refusing to exclude the fees accrued during the second jury trial from Ms. Flitton’s ultimate fee award.
B. The District Court Did Not Abuse Its Discretion by Refusing to Reduce Ms. Flitton’s Fee Award Based on Her Degree of Success
PRMI also contends that the district court erred by not reducing Ms. Flit-ton’s fee award based on her degree of overall success in this lawsuit. The Supreme Court has instructed that in calculating a reasonable fee award, “the most critical factor is the degree of success obtained.” Id. at 436, 103 S.Ct. 1933. Al *1178 though “[t]here is no precise rule or formula” for assessing the plaintiffs degree of success, “[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.” Id. at 436, 440, 103 S.Ct. 1933.
PRMI contends that because Ms. Flitton succeeded on only one out of five causes of action listed in her initial complaint and received only $354,703.05 in total damages out of the $27,902,065.58 she sought, she obtained a limited degree of overall success and her fee award should have been reduced accordingly. Indeed, PRMI repeatedly emphasizes that Ms. Flitton ultimately received only about one percent of the total damages she sought.
We have rejected the mechanical approach to assessing a plaintiffs degree of overall success that PRMI endorses. In Jane L., we reversed a district court’s decision to reduce the lodestar by seventy-five percent based on the plaintiffs success on only two out of eight claims. Jane L., 61 F.3d at 1511; see also Hensley, 461 U.S. at 435 n. 11, 103 S.Ct. 1933 (“We agree with the District Court’s rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.”) (quotations omitted). There, we held that “the district court must make a qualitative assessment to determine what less-than-perfect results are ‘excellent,’ justifying full recovery, or to what extent plaintiffs’ ‘limited success’ should effect a reduction in the lodestar.” Jane L., 61 F.3d at 1511.
Here, the district court rejected PRMI’s request for a reduction of the fee award based on Ms. Flitton’s level of success, concluding that Ms. Flitton “obtained substantial success from the first jury trial,” and that “she obtained a substantial amount of damages.” Flitton v. Primary Residential Mortgage, Inc., No. 2:03-CV-481-DAK, 2009 WL 1357206, at *5, *8 (D.Utah May 7, 2009). Although Ms. Flit-ton’s ultimate award did not approach the amount of damages she sought, her award of over $350,000 in this Title VII suit was not inconsequential. See Hensley, 461 U.S. at 435 n. 11, 103 S.Ct. 1933 (“Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested.”). Accordingly, the district court’s assessment of her overall level of success was not an abuse of discretion.
C. The District Court Did Not Abuse Its Discretion by Refusing to Reduce Ms. Flitton’s Fee Award Based on Her Attorneys’ Billing Entries
PRMI next argues that the district court erred by not reducing Ms. Flitton’s fee award based on her attorneys’ allegedly vague and nondescript billing entries. “Plaintiffs’ burden^ in an application for attorneys fees is to ‘prove and establish the reasonableness of each dollar, each hour, above zero.’ ” Jane L., 61 F.3d at 1510 (quoting Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986)). “Plaintiffs counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.” Hensley, 461 U.S. at 437 n. 12, 103 S.Ct. 1933. When examining the adequacy of an attorney’s billing entries, we are primarily concerned with the district court’s ability to evaluate the propriety of the fee request based on the specific billing entries. See Crumpacker v. Kan. Dep’t of Human Res., 474 F.3d 747, 757 (10th Cir.2007) (“The law does not require the district court to reduce its fee award where it finds no difficulty in evaluating the propriety of an attorney’s billing.”). Indeed, in Crumpacker, we affirmed the district court’s fee award, which included fees for six billing entries that were entirely blacked out and unreadable, because *1179 “the district court specifically found that the blacked out entries cause no problems in determining the validity or propriety of the work performed.” Id. (quotations and alterations omitted).
Here, the district court conducted a thorough review of Ms. Flitton’s attorneys’ billing entries and reduced the fee award based on the inadequacy of eleven specific entries. Furthermore, the district court stated, “[w]hile the court does not believe that the entries of Plaintiffs counsel are ideal, it finds most of the entries adequately descriptive for purposes of reviewing the fee application.” Flitton, 2009 WL 1357206, at *6. Accordingly, the district court concluded that it was able to make a fair assessment of the reasonableness of Ms. Flitton’s claimed fees based on the majority of the billing entries she submitted, and it refused to award her fees based on specific inadequate entries. After examining the allegedly vague and nondescript entries emphasized by PRMI, we conclude that the district court did not abuse its discretion by refusing to further reduce Ms. Flitton’s fee award based on her attorneys’ billing entries.
D. The District Court Correctly Concluded that It Lacked Jurisdiction to Award Ms. Flitton Appeal-Related Fees
In her cross-appeal, Ms. Flitton argues that the district court erred by concluding that it lacked jurisdiction to award her appeal-related fees because she failed to first request those fees in this court. In Hoyt v. Robson Cos., Inc., 11 F.3d 983, 985 (10th Cir.1993), we recognized that “an appellate court has discretion to award attorney’s fees on appeal.” Accordingly, we established the general rule that in order for. a prevailing party to obtain appeal-related fees, “an application for [such] fees must first be made to our court.” Id. Indeed, we concluded that a district court generally lacks jurisdiction to consider the propriety of appeal-related fees if the prevailing party does not first seek such fees on appeal.[1] Id.
In Crumpacker, we reaffirmed the Hoyt rule, stating that “appeal-related fees ... must generally be awarded by us.” 474 F.3d at 756. Nevertheless, we recognized a narrow exception for interlocutory appeal-related fees in cases brought under Title VII or other fee-shifting statutes. Id. Under these limited circumstances, we held that “parties who prevail on interlocutory review in this court, and who subsequently become prevailing parties under Title VII or another fee-shifting provision at the conclusion of merits proceedings, are implicitly entitled to reasonable attorneys’ fees related to the interlocutory appeal.” Id.
Ms. Flitton asks us to extend Crumpacker beyond interlocutory appeals. She contends that, after Crumpacker, all prevailing parties under Title VII are entitled, as a matter of law, to all appeal-related fees; therefore, requesting such *1180 fees from this court in the first instance is not necessary. We reject this broad reading of Crumpacker. First, this extension of Crumpacker is inconsistent with the narrow language used in that case. Nowhere in Crumpacker did we state or suggest that its rule applies to cases other than those in which a party succeeds on interlocutory appeal and subsequently becomes a prevailing party. Those are not the circumstances of Ms. Flittoris case. Second, Ms. Flitton’s reading of Crumpacker would effectively strip this court of its discretion to award appeal-related fees in all Title VII cases. That discretion, however, was the fundamental premise on which the Hoyt rule was based, see Hoyt, 11 F.3d at 985 (“[I]n order for us to properly exercise our discretion, an application for appeal-related attorneys’ fees must first be made to our court.”), and Crumpacker did not (and could not) eviscerate it. See Crumpacker, 474 F.3d at 755-56 (recognizing that Hoyt is “the law of this circuit,” and that “the rule of Hoyt binds us”); see also United States v. Walling, 936 F.2d 469, 472 (10th Cir.1991) (“One panel of the court cannot overrule circuit precedent.”). Accordingly, as we stated in Crumpacker, “[i]t is the law of this circuit that ‘absent an explicit statutory provision, in order for us to properly exercise our discretion, an application for appeal-related attorneys’ fees must first be made to our court.’ ” Crumpacker, 474 F.3d at 755 (quoting Hoyt, 11 F.3d at 985) (alterations omitted). Ms. Flitton never requested appeal-related fees from this court during her prior appeal and she has not requested them at any point during this appeal. Therefore, the district court correctly concluded that it was without authority to grant such fees in the first instance.
III. CONCLUSION ■
For the foregoing reasons, we AFFIRM the decision of the district court.

. We respectfully cannot agree with the dissent's contention that Hoyt can simply be disregarded by this subsequent panel. In Hoyt, we noted that "[tjhough we have addressed awards of appeal-related attorneys' fees pursuant to authorizing statutes, we have not previously confronted the jurisdictional requirements applicable in applying such fees.” 11 F.3d at 984 (emphasis added). Considering, for the first time in Hoyt, the jurisdictional requirements applicable in applying for appellate fees, we went on to "hold that the district court did not have jurisdiction to award appeal-related attorneys' fees in this case.” Id. at 985 (emphasis added). Regardless of the propriety of Hoyt’s jurisdictional ruling, we are bound by that prior decision. See Crumpacker, 474 F.3d at 755-56 (recognizing that Hoyt is "the law of this circuit,” and that "the rule of Hoyt binds us”); see also United States v. Walling, 936 F.2d 469, 472 (10th Cir.1991) (“One panel of the court cannot overrule circuit precedent.”).