**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAURA RIDGELL-BOLTZ,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, United States Social
Security Administration,

      Defendant - Appellee.

No. 15-1361
(D.C. No. 1:10-CV-00252-RPM-KLM)
(D. Colo.)

_____

**ORDER**
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the petition for rehearing and rehearing en banc filed by Ms. Ridgell-Boltz. Upon consideration of the petition, the original panel grants panel rehearing in part and only to the extent of the changes made to page 11 of the attached revised order and judgment. The clerk is directed to file the revised decision nunc pro tunc to the original filing date of August 10, 2016.

In granting limited panel rehearing with respect to the petition, we note and

emphasize that the portion of the petition seeking en banc review remains pending.  That part of the petition remains under advisement.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAURA RIDGELL-BOLTZ,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, United States Social
Security Administration,

     Defendant - Appellee.

No. 15-1361
(D.C. No. 1:10-CV-00252-RPM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Laura Ridgell-Boltz appeals the final judgment of the district court

dismissing her hostile-work-environment claim and awarding only about half of the

attorney fees and costs that she requested. Exercising jurisdiction under 28 U.S.C.

§ 1291, we reverse in part, affirm in part, and remand the case with directions.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. Background

Ms. Ridgell-Boltz sued her employer, the United States Social Security Administration, alleging that she was subjected to a hostile work environment on account of her gender and age, and that she was wrongfully discharged in retaliation for filing a discrimination complaint. The district court dismissed the age-based claims before trial, and the remaining claims were presented to a jury. At the close of Ms. Ridgell-Boltz's case-in-chief, the agency moved for judgment as a matter of law. The district court granted the motion in part, and only the wrongful-discharge claim went to the jury, which awarded Ms. Ridgell-Boltz $19,000 in damages.

On appeal, this court determined that the hostile-work-environment claim should have gone to the jury, and the case was remanded to the district court for further proceedings. *See Ridgell-Boltz v. Colvin*, 565 Fed. App'x 680 (10th Cir. 2014) (unpublished order and judgment).

Both parties and the district court assumed initially that this court's order required a new trial limited to the hostile-work-environment claim. However, the district court on its own initiative subsequently dismissed the claim a second time, concluding that Ms. Ridgell-Boltz had already "been compensated for the emotional injury she sustained and that it was not feasible to attempt to recover additional damages at a second trial." Aplt. App., Vol. 2 at 563. The same day, the court issued its order awarding attorney fees and costs. This appeal followed.

2

## II.  Analysis

Ms. Ridgell-Boltz argues the district court erred by dismissing (again) her hostile-work-environment claim and by denying some of her requested attorney fees and costs without adequate explanation.  She also argues the case should be assigned to a different judge on remand and that she is entitled to attorney fees for this appeal.

## A.  Hostile-Work-Environment Claim

Because Ms. Ridgell-Boltz's hostile-work-environment claim was dismissed mid-trial, the jury heard the evidence she had to support the claim, including the evidence of damages she allegedly suffered as a result of the hostile work environment.  After the district court decided to dismiss all but the wrongful-discharge claim, it informed the jury:

> Members of the jury, during the time of this recess, and after discussing the case with counsel, I have made some rulings on points of law that will—that has narrowed the focus of this case so that the ultimate question for you to decide at the end of the trial will be whether the Plaintiff, Laura Ridgell-Boltz, was removed from her position with the Social Security Administration, as counsel, in retaliation for her having supported the claims of her coworkers of age and gender discrimination in the Plaintiff's own claim.  So the question is the termination of employment, was it retaliatory.

Aplt. App., Vol. 1 at 293.  During closing argument, the agency's counsel emphasized that the jury was to consider only the wrongful-termination claim:

> [O]n Thursday, after Ms. Ridgell-Boltz finished putting on all her evidence and her case, His Honor told you that he narrowed the scope of this case.  Gone were the first three questions that I discussed with you last Monday.  There were only four; the first three are out, and so that leaves only one question left in this case.  Was Ms. Ridgell-Boltz fired because of her EEO activities?  That's the only question you have to decide when you go back to the jury room now.  No more harassment,

3

hostile work environment, none of that. None of everything that Ms. Ridgell-Boltz focused on for the first Monday, Tuesday, Wednesday, and almost all of Thursday in this case.

Aplt. App., Vol. 2 at 303-04. Ms. Ridgell-Boltz's counsel argued in closing that the measure of her damages might be calculated based on the number of days between when she was fired and when she resumed working at the agency:

Is it worth that to feel bad all day about yourself as a person because of what your boss did to you? Is it bad to feel that way at night? If you agree with the number, give her $200 a day for the whole period of time that she was out of work, 605 days, $200 a day. That's $120,000. Now, maybe you agree with that number and maybe you don't. Maybe you don't even like that approach. But there's got to be some way you can compensate her for the distress she went through.

Id. at 329-30. And specifically with respect to damages, the district court instructed the jury:

If you find that the plaintiff was removed from her employment in retaliation for her protected conduct, then you must determine an amount that is fair compensation for the plaintiff's losses. You may award compensatory damages for injuries that the plaintiff proved were caused by the defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

Id. at 313-14.

On remand from this court, the district court reviewed the evidence the jury heard in support of Ms. Ridgell-Boltz's claim for damages, focusing on the testimony of her psychologist. The psychologist had testified that Ms. Ridgell-Boltz suffered from an adjustment disorder with anxiety and depression before she was fired and post-traumatic stress disorder after she was fired. Id. at 328-29. Noting that the jury awarded Ms. Ridgell-Boltz $5,000 for "emotional distress, pain suffering,

4

embarrassment, humiliation, or damages to reputation that she experienced," Aplt. App., Vol. 1 at 36, the district court concluded that she had already been compensated for the emotional injury she sustained, essentially deeming the hostile-work-environment claim duplicative and moot. Ms. Ridgell-Boltz argues this was error, and we agree.

We review de novo the district court's dismissal of a claim on unspecified grounds. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). We also review de novo questions of mootness. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122-23 (10th Cir. 2010).

To prevail on a hostile-work-environment claim, a plaintiff must prove that she was offended by the work environment and that a reasonable person would likewise be offended. *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012). Relevant factors for determining whether such an environment exists are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 958 (internal quotation marks omitted). In contrast, a wrongful-termination claim based on retaliation requires a plaintiff to establish that she engaged in a protected activity and that there is a causal connection between that activity and her termination. *See O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1252-53 (10th Cir. 2001). These claims are meant to address different types of injuries—those stemming from

5

enduring a hostile work environment and those stemming from being terminated unfairly.

Although the jury heard the evidence supporting Ms. Ridgell-Boltz's hostile-work-environment claim, it was instructed to reach a decision and submit a verdict form based solely on her termination. "We presume a jury has followed the court's instructions." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1306 (10th Cir. 2003). In the absence of any evidence to rebut this presumption, we must conclude that an award of damages on the hostile-work-environment claim would not necessarily be duplicative of those awarded on the wrongful-termination claim. To the contrary, her termination provides a logical and appropriate endpoint for when damages due to the hostile work environment ended and those due to the termination began. To fully compensate Ms. Ridgell-Boltz for the separate damages attributable to these distinct injuries, she must be permitted to seek relief for her hostile-work-environment claim in addition to the relief she already obtained for her wrongful termination. Based on the differences between these two types of claims, we reject the notion that the relief she obtained thus far has rendered her hostile-work-environment claim moot. *See Rio Grande Silvery Minnow*, 601 F.3d at 1110 ("The crucial question [in determining mootness] is whether granting a *present* determination of the issues offered will have some effect in the real world." (internal quotation marks omitted)). Therefore, we reverse the district court's dismissal of this claim, and remand the case with directions to hold a trial on it.

**B. Attorney Fees and Costs**

Ms. Ridgell-Boltz argues the district court erred by denying certain portions of her fee request and by reducing the overall amount awarded by 45% in an effort to impose "proportionality" between the services performed and the results achieved in the case. We disagree in part and agree in part.

We generally review an attorney fees award for an abuse of discretion. *Browder v. City of Moab*, 427 F.3d 717, 719 (10th Cir. 2005). "In reaching that decision, we review *de novo* whether the district court applied the correct legal standard, and we review its findings of fact for clear error." *Id.*

A claimant must prove two elements to obtain attorney fees: "(1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). Ms. Ridgell-Boltz's status as a prevailing party is not at issue; therefore, we must assess only the reasonableness of the attorney fees award. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called lodestar amount of a fee, and a claimant is entitled to the presumption that this loadstar amount reflects a reasonable fee." *Id.* at 1281 (internal quotation marks omitted). When, as in this case, a prevailing party does not succeed on all of her claims, two additional considerations apply: "(1) whether the plaintiff's successful and unsuccessful claims were related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel." *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1177 (10th Cir. 2010).

7

## 1. OFO Fees

Ms. Ridgell-Boltz first appealed her termination to the Merit Systems Protection Board (MSPB). There she was represented by the same counsel who continue to represent her in this case, and although she was reinstated and received back pay, her claims based on discrimination and retaliation were denied. *See Boltz v. Soc. Sec. Admin.*, 111 M.S.P.R. 568 (2009). At that juncture, she had the option of either appealing to the Office of Federal Operations (OFO) or bringing her claims in the district court. She chose the former but was unsuccessful. She then brought this action in federal court. She argues that the district court erred by denying her attorney fees associated with the OFO appeal. We disagree.

Ms. Ridgell-Boltz cites no authority for the proposition that a party who unsuccessfully petitions through an optional administrative process is entitled to an award of attorney fees. *See Barrett v. Salt Lake Cty.*, 754 F.3d 864, 870 (10th Cir. 2014) (contrasting a Title VII plaintiff who must exhaust administrative grievance procedures as a precondition to bring suit in court with one who chooses to participate in an employer's optional grievance process, and concluding that the latter is not entitled to the fees incurred along the way). Moreover, although she ultimately succeeded on one of her claims in federal court, she cannot argue that she was a prevailing party with respect to the OFO proceedings. *See Robinson*, 160 F.3d at 1280. We conclude that the district court did not err or abuse its discretion by denying these fees.

8

## 2. Appellate Fees

Ms. Ridgell-Boltz also argues the district court erred by denying her fees associated with her first appeal to this court. We disagree. She did not ask this court to award her appellate fees. The district court does not have jurisdiction to award appellate attorney fees in the first instance. *Hoyt v. Robson Cos.*, 11 F.3d 983, 985 (10th Cir. 1993); *see also Flitton*, 614 F.3d at 1179 (declining to extend "a narrow exception for interlocutory appeal-related fees in cases brought under Title VII or other fee-shifting statutes").

## 3. Costs Taxed

Ms. Ridgell-Boltz argues that the district court erred by denying her motion for review of costs taxed in its order awarding attorney fees and costs. The order provides no explanation for why her objections to the costs taxed were denied. "Generally, district courts must give an adequate explanation for their decision regarding requests for attorney's fees, otherwise we have no record on which to base our decision." *Browder*, 427 F.3d at 721. On remand, the district court should specifically address her objections to the costs taxed.

## 4. Lodestar Analysis

As noted above, determining the lodestar amount should be the starting point for assessing the reasonableness of a fee request. *Robinson*, 160 F.3d at 1281. The district court acknowledged but seemed to bypass this requirement when it stated:

> The lodestar analysis requires the court to determine the
> reasonableness of the time spent and the need for the services
> performed. To sort through all of the time records provided and match

the services identified with the large volume of motions filed for the plaintiff on which she prevailed and those which were denied would be an unreasonable burden on this court.

Aplt. App., Vol. 2 at 574. Instead, the court determined that a "proportionality reduction" was appropriate and reduced the total amount of the request (less deductions for the OFO proceedings and the appellate fees) by forty-five percent. *Id.* at 575-76.

"The record ought to assure us that the district court did not eyeball the fee request and cut it down by an arbitrary percentage." *Robinson*, 160 F.3d at 1281 (internal quotation marks omitted). We conclude that a remand is required in this case so that the court can perform the proper analysis and because it may need to reconsider Ms. Ridgell-Boltz's overall level of success after a new trial on the merits of her hostile-work-environment claim.

## C. Different Judge on Remand

Noting that the current district court judge has twice dismissed her hostile-work-environment claim and has stated that it is "not feasible to attempt to recover additional damages at a second trial," Aplt. App., Vol. 2 at 563, Ms. Ridgell-Boltz requests that we direct that the case be assigned to another district court judge on remand. However, we do not agree that this is a case where preserving the appearance of justice requires such an assignment. "Respectful of the extraordinary nature of such a request, we will remand with instructions for assignment of a different judge only where there is proof of personal bias or under extreme circumstances." *Mitchell v. Maynard*, 80 F.3d 1433, 1448 (10th Cir. 1996).

10

## D. Attorney Fees for This Appeal

Citing 42 U.S.C. § 2000e-5(k), Ms. Ridgell-Boltz requests her attorney fees and costs incurred for this appeal. However, obtaining a remand on her hostile-work-environment claim does not make her a prevailing party under that statute. *See Slade v. United States Postal Serv.*, 952 F.2d 357, 362 (10th Cir. 1991) ("Plaintiff's successful appeal does not establish him as a prevailing party because the only relief afforded to Plaintiff was to permit the case to go forward on the merits. Unless a party has established his entitlement to some relief on the merits of his claims, he is not a prevailing party entitled to an award of attorney's fees."); *see also Rodriguez v. Bd. of Educ.*, 620 F.2d 362, 367 n.1 (2nd Cir. 1980) ("Title VII's provision for fee awards to the 'prevailing party,' 42 U.S.C. [§] 2000e-5(k), is applicable only upon victory on the merits in the trial court."). Therefore, we deny her request.

## III. Conclusion

The district court's order dismissing Ms. Ridgell-Boltz's hostile-work-environment claim is reversed, and the case is remanded with directions to hold a new trial on this issue.

The attorney fees order is affirmed insofar as the court declined to award fees in connection with the OFO proceeding and the prior appeal to this court. However, the remainder of the order is vacated, and the court is directed to conduct a proper lodestar analysis of Ms. Ridgell-Boltz's fee request and to reweigh the overall success of this litigation in light of whether she prevails on her

11

hostile-work-environment claim and, if so, to what extent she obtains additional relief.

Ms. Ridgell-Boltz's request for reassignment of the case on remand is denied.

Ms. Ridgell-Boltz's request for attorney fees incurred on this appeal is denied.

Entered for the Court


Jerome A. Holmes
Circuit Judge