**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOANIE LATIN,

      Plaintiff - Appellee,

v.

BELLIO TRUCKING, INC., a Colorado
corporation,

      Defendant - Appellant.

No. 16-1496
(D.C. No. 1:13-CV-01837-WYD-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

Defendant-Appellant Bellio Trucking, Inc., appeals from the district court's

order granting Plaintiff-Appellee Joanie Latin's attorney's fees of $175,003.42.

Order, <u>Latin v. Bellio Trucking, Inc.</u>, No. 1:13-cv-01837-WYD-KMT, 2016 WL

9725289 (D. Colo. Nov. 23, 2016).  Our jurisdiction arises under 28 U.S.C. § 1291,

and we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

This case stems from a Title VII sex discrimination action. The jury returned a verdict in favor of Ms. Latin on April 4, 2016, on a Title VII hostile work environment claim as well as a state law claim for wrongful discharge. Aplt. App. 194–96. She did not prevail on two other Title VII theories based on gender discrimination (terms and conditions of employment and termination of employment). Id. 194. The jury awarded Ms. Latin $70,975.31.[1] Id. 194–96.

Ms. Latin then filed a motion for attorney's fees in the amount of $194,448.24. Id. 247; see 42 U.S.C. § 2000e-5(k) (2012).[2] The district court set an evidentiary hearing on the motion for June 23, 2016, and ordered a response requiring Bellio to "set forth how much time they need to present evidence at the hearing and what evidence they plan to present." Aplt. App. 200. The hearing was reset multiple times. On October 13, 2016, the court ordered Ms. Latin to file an amended motion with a response by Bellio. Id. 232. It then rescheduled the hearing for December 20, 2016. Id. 480. Bellio filed its objection to the amended motion but did not state what evidence it would present at a hearing. Resp. in Opp. to Pl.'s Am. Mot. for Att'y's Fees, Latin, No. 13-cv-01837-WYD-KMT, ECF No. 158.

---

[1] Part of this award was advisory and therefore the parties eventually stipulated to a $50,000 judgment for Ms. Latin — $40,000 in Title VII back pay, $5,000 in Title VII punitive damages, and $5,000 in Title VII compensatory damages. Aplt. Br. at 7. The parties stipulated to vacating the jury award for state wrongful discharge. Aplt. App. 482.

[2] The request was originally $235,178.00 but was subsequently reduced to $194,448.24. Aplt. App. 238–47.

On November 23, 2016, the district court granted the amended motion for attorney's fees while also vacating the evidentiary hearing. Order, Latin, 2016 WL 9725289, at *5. In its order, the court found that a reasonable hourly rate had been claimed, but it reduced the total award claimed by 10 percent based upon vague and slightly duplicative time entries. Id. at *4–5. Notably, the district court declined to reduce the fees based upon Plaintiff's partial success, finding that the successful claims and unsuccessful claims were interrelated. Id. at *2–3. The court awarded fees of $175,003.42. Id. at *5.

Bellio filed this timely appeal claiming that the district court erred (1) by not eliminating unreasonable hours billed and adjusting downward for partial success, (2) by granting a general 10 percent reduction in the fee amount, and (3) by vacating the evidentiary hearing.

**Discussion**

In a Title VII discrimination case, 42 U.S.C. § 2000e-5(k) allows a district court, "in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee." We review an award of attorney's fees for an abuse of discretion, recognizing that a district court is at a better vantage point in addressing the effort involved and value represented by a fee award. Flitton v. Primary Residential Mortg., Inc., 614 F.3d 1173, 1176 (10th Cir. 2010). Our review of the district court's factual findings is under the clearly erroneous standard, but the district court's legal rulings are reviewed de novo. Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998).

3

To obtain an award of attorney's fees, the movant must prove that he or she is a prevailing party and the fees claimed are reasonable.[3] Id. Reasonableness is determined by multiplying the hours reasonably expended by the reasonable hourly rate equaling what is known as the "lodestar amount." Id. at 1281. However, when a prevailing party succeeds only on some of its claims, the court must also ask: "[D]id the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded[, and] . . . did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Generally, courts should scrutinize the hours presented much like a senior partner does at a private firm. Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983).

A. The District Court Did Not Abuse Its Discretion When It Found the Number of Hours Reasonable

Bellio first contends that the district court abused its discretion when it failed to consider fully the Ramos factors in its determination that the hours expended were reasonable.[4] They argue that the district court failed to specifically address the total number of hours reported and "entirely sidestepped" specific examination of the billing. Aplt. Br. at 18–20. Bellio then presents several examples of hours that they view as duplicative, vague, or unnecessary. Aplt. Br. at 20–24.

_____

[3] Fees awarded under Title VII and 42 U.S.C. § 1988 are subject to the same standards. Carter v. Sedgwick Cty., 36 F.3d 952, 956 (10th Cir. 1994).

[4] The Ramos factors include: "(1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers." Robinson, 160 F.3d at 1281 (quoting Ramos, 713 F.2d at 554 (10th Cir.1983)).

4

The district court, however, did specifically address the total number of hours, including Bellio's argument that Ms. Latin's 648 hours spent on the case was excessive. Order, Latin, 2016 WL 9725289, at *4. It also conducted a "painstaking review" of the entire 221-page billing statement. Id. To the extent that it did not consider the specific examples Bellio brings up in its brief to this court, that is because Bellio failed to bring them to the attention of the district court despite being ordered to do so. The district court, having all of the evidence and arguments offered, concluded that some of the hours were duplicative or vague. The court then reduced the fee (and necessarily the number of hours) based on this review. The district court did not abuse its discretion when it found the number of hours reasonable.

B. The District Court Did Not Abuse Its Discretion by Reducing the Fee by 10 Percent.

Bellio next contends that the district court's general reduction of the total award by 10 percent was erroneous because it was arbitrary. See Robinson, 160 F.3d at 1281. Bellio notes that the fee records were hardly meticulous. As we have held, however, a reduction in hours, even a general write-down, is not erroneous as long as there are sufficient reasons for it. See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1203 (10th Cir. 1986) ("As anyone who has been in private practice well knows, for billing purposes such adjustments can take many forms, including a general write-down of total hours logged."). In this case, the district court specifically mentioned where the billing was vague or would not normally be billed

5

to a client.  Cf. Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (concluding that a 35 percent reduction was not an abuse of discretion because plaintiffs' time records were "rather sloppy" and imprecise).  While the district court could have provided more detail, the reduction fell within its realm of discretion.

### C. The District Court Did Not Abuse Its Discretion in Failing to Adjust Downward for Ms. Latin's Partial Success on the Merits

Bellio finally contends that the district court erred when it (1) found that Ms. Latin's successful and unsuccessful claims were interrelated and (2) it failed to adjust the lodestar amount downward based on Ms. Latin's partial success on the merits.

We agree with the district court that Ms. Latin's various Title VII and state-law claims were all interrelated.  The thrust of Ms. Latin's lawsuit was that her employer discriminated against her because of her gender.  See Flitton, 614 F.3d at 1177 ("[C]laims are related if they are based on a common core of facts or are based on related legal theories.").  As the district court noted, Ms. Latin "testified about many events that transpired during her employment that could have supported any one of her four asserted claims" and that it was "impossible to ferret out certain facts that might be attributable to one claim or another."  Order, Latin, 2016 WL 9725289, at *2; see Hensley, 461 U.S. at 435 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.").  The district court next found that while Ms. Latin failed on some of her claims, she still achieved "substantial success" on her overall claim against Bellio.  Order, Latin, 2016 WL 9725289, at *3.  Bellio argues that

6

because Ms. Latin sought $291,943.09 in damages and only received $33,875, or 12 percent, her success was clearly limited. We have previously rejected such a mechanical approach to attorney's fees. See Jane L., 61 F.3d at 1511. The key question is whether, in light of the entire litigation, plaintiffs "won substantial relief." See Hensley, 461 U.S. at 440; see also Flitton, 614 F.3d at 1178 (concluding that the district court did not abuse its discretion when it declined to reduce an award of attorney's fees where the plaintiff won "$354,703.05 in total damages out of the $27,902,065.58 she sought" at trial).

The district court explained its reasoning for why it thought the award significant, noting that while Ms. Latin did not receive the amount of damages she requested, she did receive a significant amount and was also awarded punitive damages. Having presided over the case for three years, the district court was very familiar with the facts and claims and was in the best position to judge the relative success of the merits. The district court did not abuse its discretion in not reducing the award on this basis.

D. The Decision to Vacate the Evidentiary Hearing Was Not an Abuse of Discretion.

We review a decision not to hold an evidentiary hearing for abuse of discretion. Robinson, 160 F.3d at 1286. Bellio claims prejudice because it was not allowed to elicit evidence regarding the manner in which Ms. Latin's counsel calculated the bills, such as how billing records were kept and the arrangement between lawyer and client concerning fees. Although Bellio objected to certain items

7

in its response to Ms. Latin's Amended Motion for Attorney's Fees,[5] it never explained to the district court what evidence it hoped to present at the evidentiary hearing. The court had no reason to think an evidentiary hearing would be necessary. Given that the record was apparently fully developed, the district court did not abuse its discretion in moving the issue forward. See id.

Ms. Latin's attorney also seeks leave of this court to file a motion for attorney's fees under Rule 38 of the Federal Rules of Appellate Procedure. Ms. Latin is free to file a motion with this court, but because she has failed to do so we cannot rule at this time on any motion for attorney's fees. See Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." (emphasis added)).

AFFIRMED.

Entered for the Court


Paul J Kelly, Jr.
Circuit Judge

---

[5] The district court addressed all of the objections in Bellio's response in its order granting the attorney's fees. Order, Latin, 2016 WL 9725289, at *2–5.