FILED
United States Court of Appeals
Tenth Circuit

October 25, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

BRANDY A. READ,

    Plaintiff - Appellee,

v.

OKLAHOMA FLINTROCK
PRODUCTS, LLP,

    Defendant - Appellant.

No. 23-5067
(D.C. No. 4:21-CV-00316-JFJ)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Defendant Oklahoma Flintrock Products, LLP appeals from the district court's

award of attorney fees in favor of Plaintiff Brandy A. Read. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

### I. Background

Defendant employed Plaintiff for approximately two months. During that

time, she alleged that Harry Singh, Defendant's chief operating officer, sexually

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

harassed her.  She alleged that when she complained to the company, Defendant retaliated against her by (1) moving her to a sales position for which she was not qualified, and (2) terminating her employment.

Plaintiff sued Defendant under Title VII, alleging one sexual harassment claim and two retaliation claims.  The district court denied Defendant's summary judgment motion.  At trial, the jury found in Plaintiff's favor on the harassment claim and awarded her $1,440 in compensatory damages and $15,000 in punitive damages.  The jury found in Defendant's favor on the retaliation claims.

Plaintiff thereafter moved for a $79,401.75 attorney fee award.  Defendant opposed the motion and moved for its own fee award.  The district awarded Plaintiff $59,511.94 in fees and rejected Defendant's fee motion.  Defendant appealed.

## II.  Discussion

In Title VII cases, a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."  42 U.S.C. § 2000e-5(k).  Thus, a claim for attorney fees requires proof of two elements: that the claimant is a "prevailing party" and that the fee request is "reasonable."  *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010) (internal quotation marks omitted).  "Because the district court is in a better position than an appellate court to determine the amount of effort expended and the value of the attorney's services, we review an attorney's fee award for abuse of discretion."  *Id.* (internal quotation marks omitted).  Under that standard, we will not disturb the district court's decision unless we are left "with the definite and firm conviction that the lower court made a clear error of

2

judgment or exceeded the bounds of permissible choice in the circumstances."
*Pandit v. Am. Honda Motor Co.*, 82 F.3d 376, 379 (10th Cir. 1996) (internal
quotation marks omitted).

### A. The District Court did not Abuse Its Discretion in Awarding Plaintiff Fees

Defendant first contends the district court's fee award to Plaintiff does not
adequately reflect that she lost on her retaliation claims. When a prevailing party
succeeds on only some claims, the court must consider two questions: "(1) whether
the plaintiff's successful and unsuccessful claims were related; and (2) whether the
plaintiff's overall level of success justifies a fee award based on the hours expended
by plaintiff's counsel." *Flitton*, 614 F.3d at 1177. Here, the district court concluded
that Plaintiff's sexual harassment claim related to her retaliation claims—a
conclusion Defendant does not challenge on appeal. The district court then reduced
the fee award by twenty-five percent to reflect Plaintiff's partial success. Although
Defendant protests that the district court "did not go far enough," it does not explain
why the twenty-five percent reduction exceeds the bounds of permissible choice.

Defendant points out that Plaintiff estimated in her initial discovery
disclosures that she sustained $100,000 in damages. Thus, the jury awarded her only
sixteen percent of her requested damages. It argues the district court should have
reduced Plaintiff's requested attorney fees by eighty-four percent. We agree with the
district court that this argument evinces a "mechanical approach" which our
precedent rejects. *Id.* at 1178. The district court did not abuse its discretion by

3

refusing to base the fee award on Plaintiff's preliminary damages estimate. We also conclude the district court did not abuse its discretion by rejecting Defendant's argument that its $2,500 offer of judgment should be a basis of comparison against the award of $1,440 in compensatory damages. As the district court noted, this argument ignores the $15,000 punitive damages award, a ten-fold multiple.

Defendant also claims the attorney fee award is unreasonable because Plaintiff's pursuit of her retaliation claims "wasted the time of the Court, counsel, and litigants." This argument overlooks that the district court denied both Defendant's summary judgment motion and its later motion for judgment as a matter of law. In denying the motions, the district court found that Plaintiff's retaliation claims should go to the jury because she had presented sufficient evidence that Defendant's reasons for transferring her to a sales position and then terminating her were a pretext for unlawful retaliation. And we reject Defendant's characterization that Plaintiff wasted time in exercising her Seventh Amendment right, particularly considering the interrelated nature of her claims.[1] Thus, the district court did not abuse its discretion in awarding Plaintiff $59,511.94.

---

[1] Defendant's opening brief discusses the Supreme Court's decision in *Farrar v. Hobby*, 506 U.S. 103 (1992). In that case, the Supreme Court held that a civil rights plaintiff who wins nominal damages is a prevailing party but may not receive fees because the awarding of nominal damages highlights the plaintiff's failure to prove actual, compensable injury. *See id.* at 112, 115. Defendant concedes, however, that Plaintiff's damages in this case are not nominal. *Farrar* does not apply.

**B. The District Court did not Abuse its Discretion in Denying Defendant Fees**

Defendant argues that the district court should have awarded it attorney fees because it prevailed on Plaintiff's retaliation claims—claims which Defendant characterize as "unreasonable." "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). We agree with the district court that Defendant did not meet this standard. Defendant offers no meaningful argument to the contrary. Although it urges us to consider that Justice Thomas's concurring opinion in *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 436 (2016) (Thomas, J., concurring in the judgment), changed the law, Defendant did not raise this issue before the district court and therefore waived it. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234 (10th Cir. 2018) ("Generally, an issue is waived if it was not raised below in the district court." (brackets and internal quotation marks omitted)). Thus, the district court did not abuse its discretion in denying Defendant fees.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

5